THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON ENVIRONMENTAL COUNCIL and SIERRA CLUB WASHINGTON STATE CHAPTER,<br><br>Plaintiffs,<br><br>v.<br><br>THEODORE ("TED") L. STURDEVANT, DIRECTOR, WASHINGTON STATE DEPARTMENT OF ECOLOGY, in his official capacity, MARK ASMUNDSON, DIRECTOR, NORTHWEST CLEAN AIR AGENCY, in his official capacity, and CRAIG T. KENWORTHY, DIRECTOR, PUGET SOUND CLEAN AIR AGENCY, in his official capacity,<br><br>Defendants,<br><br>WESTERN STATES PETROLEUM ASSOCIATION,<br><br>Intervenor-Defendant. | No. 2:11-cv-00417-MJP<br><br>**INTERVENOR-DEFENDANT'S PROPOSED REMEDY SCHEDULE** |

## I.   INTRODUCTION

This Court's Order on the Parties Dispositive Motions (Docket #72) orders the "parties to meet and confer and propose a briefing schedule regarding an appropriate remedy." The parties have conferred but were unable to reach agreement for a joint proposal to the Court.

INTERVENOR-DEFENDANT'S PROPOSED
REMEDY SCHEDULE (2:11-cv-00417-MJP) - 1

Accordingly, this filing provides the response of Intervenor-Defendant, Western States Petroleum Association ("WSPA"), to the Court's order.

## II.   PROCEDURAL CONTEXT

The parties' Joint Rule 26(f) Status Report and Discovery Plan includes several provisions relevant to a possible remedy phase of this litigation:[1]

- ¶ 5.B acknowledges the possibility of limited discovery regarding a potential remedy phase, and provides a 60-day cutoff for service of written discovery requests running from the date of the court's order on the merits;

- ¶ 6 restates the parties' agreement to serve written discovery pertaining to any remedy within 60 days of the court's order on the merits;

- ¶ 8 generally acknowledges the possibility of a separate remedy phase to the litigation;

- ¶ 11 states that if a trial is needed, the parties request that it be scheduled no sooner than six months after the court's decision on the parties' dispositive motions; and

- ¶ 13 expresses the parties' opinion that, if a trial is needed, it will take no more than two days.

Docket #20.

---

[1] Dkt. #20 was agreed upon and filed by the original parties to this litigation two weeks before Intervenor-Defendant sought intervention.  *See* Dkt. 22 (WSPA's unopposed motion for intervention).

INTERVENOR-DEFENDANT'S PROPOSED
REMEDY SCHEDULE (2:11-cv-00417-MJP) - 2

### III. REMEDY SCHEDULE PROPOSAL AND ALTERNATIVES

Based upon discussions among the parties, there are three possible remedy scheduling scenarios: (i) briefing as contemplated by the Court's order and as proposed by WSPA; (ii) discovery, followed by briefing as proposed by Defendants; and (iii) discovery followed by a remedy trial as proposed by Plaintiffs.

### A. Remedy Briefing

The Court's order directs the parties to propose a briefing schedule, not a schedule for discovery and a trial. *See* Dkt. 72 at 19 (ordering the parties to "propose a briefing schedule regarding an appropriate remedy"). In compliance with the Court's order, WSPA proposes the following schedule: (i) February 7, 2012 – Defendant Agencies' opening remedy brief;[2] (ii) March 6, 2012 – Plaintiffs' response brief; (iii) March 16, 2012 – Intervenor-Defendants' response brief; and (iv) March 30, 2012 – Defendants' reply brief. WSPA also respectfully requests that this Court schedule oral argument on the remedies issues.

In brief, the basis for this schedule is primarily four-fold: (i) whatever remedy may be appropriate entails the Defendant Agencies compliance with applicable law as interpreted by this Court and, accordingly, the primary parties with relevant information are the Defendant Agencies; (ii) due to the impending holidays, December 2011 does not allow the Defendant Agencies much opportunity to engage in the necessary efforts to develop a proposal and to brief the remedy issues; (iii) there is no demonstrated need for extraordinary expedition; and (iv) WSPA does not know what issues Plaintiffs propose to submit to an "evidentiary hearing" and

---

[2] This starting date has been adjusted to one week later than WSPA would otherwise have recommended in order to accommodate scheduling conflicts of counsel for Defendants. This adjustment does not appear to make a material difference in the endpoint for the schedule.

INTERVENOR-DEFENDANT'S PROPOSED
REMEDY SCHEDULE (2:11-cv-00417-MJP) - 3

71057149.1 0052991-00002

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

cannot currently envision what would be triable. Under the circumstances, respectfully, the complexity of the issues warrants the time proposed by WSPA for briefing.

**B.     Remedy Discovery + Briefing**

At present, there is substantial uncertainty among the parties regarding what a remedy would entail. Moreover, the original parties anticipated the potential for a remedies phase and agreed that related written discovery requests should be *served* within 60 days of entry of an order on the merits. *See* Dkt. 20 ¶¶ 5.B, 6, 8.[3] In light of the parties' provisions for a possible remedy phase, WSPA does not oppose a period of discovery, followed by a briefing schedule, as may be separately proposed by Defendants.

**C.     Remedy Discovery and Trial**

WSPA understands that Plaintiffs want to present "evidence" of unknown nature, but in order to achieve an arbitrary end point of early March, 2012, they want to withhold from the defendant parties rights of discovery and civil procedure otherwise afforded litigants in federal district court. Initially Plaintiffs proposed to Defendants and WSPA that the parties engage in discovery, including depositions, regarding the remedy, and that the Court should then conduct an "evidentiary hearing" regarding the remedy during the first week in March, 2012. Working backwards from essentially the same end point, Plaintiffs later proposed variations involving pre-filed testimony and a prohibition on discovery depositions, or depositions and a prohibition on live testimony. Plaintiffs have not identified the disputed factual issues that would warrant an evidentiary hearing.

---

[3] Given the clear expression of a deadline for *service* for discovery requests, it is clear that the parties intended a period of time longer than 60 days to *complete* discovery.

INTERVENOR-DEFENDANT'S PROPOSED
REMEDY SCHEDULE (2:11-cv-00417-MJP) - 4

WSPA does not believe that an evidentiary hearing is necessary to impose a remedy in this case. If the Court finds that a remedy trial or other evidentiary hearing is necessary, then the following steps are also necessary elements: updated disclosure of witnesses, including experts (Rule 26(a)(1)-(2)); written reports for expert witnesses (Rule 26(a)(2) (minimum 90 days before trial); service and response to written discovery, and resolution of discovery disputes; notice and taking of depositions; pretrial disclosures and objections (Rule 26(a)(3) (minimum 30 days before trial)); pretrial conference; pretrial order; trial briefs; and trial. The parties previously agreed that a post-dispositive motions trial should not occur sooner than six months after the Court's merits decision and made no provision for exemptions from the otherwise applicable Federal Rules of Civil Procedure. *See* Dkt. 20 at ¶¶ 8, 11. WSPA is not otherwise aware of any compelling factual or equitable basis to suspend application of the discovery and trial process generally afforded litigants pursuant to the Civil Rules, and objects to Plaintiffs' efforts to goad the defendant parties into trial by ambush.

Recognizing the limited functionality of the remainder of December 2011, WSPA proposed to the parties, and hereby proposes to the Court should it elect to provide for a discovery and trial process, the following schedule: (i) January 9, 2012 – updated disclosures, including disclosure of expert witnesses; (ii) February 9, 2012 – exchange expert reports; (iii) February 16, 2012 – cutoff for propounding written discovery; (iv) May 1, 2012 – discovery cutoff (e.g., 30 days to respond to written discovery + depositions + time to resolve disputes); (v) May 14, 2012 - pretrial disclosures; May 28, 2012 – objections to pretrial disclosures; (vi) June 5, 2012 (or as set by the Court) – pretrial conference; and (vii) to be determined at

INTERVENOR-DEFENDANT'S PROPOSED
REMEDY SCHEDULE (2:11-cv-00417-MJP) - 5

71057149.1 0052991-00002

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1  pretrial conference – dates for submission of pretrial order and trial briefs, and date/length for
2  trial.
3      If, as Plaintiffs' contend, they are entitled to an "evidentiary hearing" in order to present
4  testimony in support of the terms of a remedy, then the Defendant parties, including WSPA, are
5  entitled to the protections of discovery and trial preparation provided for by the Federal Civil
6  Rules of Procedure. WSPA is entitled to disclosure of witnesses and the contentions of the
7  parties, a reasonable period of discovery, including time to depose trial witnesses after reviewing
8  expert reports, and a coherent pretrial process, including a pretrial order and submission of trial
9  briefs. If there are disputes that require the presentation of evidence to this Court, the schedule
10 proposed above provides a reasonably expeditious process for doing so.
11     DATED: December 12, 2011.

STOEL RIVES LLP

s/Jeffrey W. Leppo
Jeffrey W. Leppo, WSBA No. 11099
600 University Street, Suite 3600
Seattle, Washington 98101
Telephone: (206) 624-0900
Fax: (206) 386-7500
Email: jwleppo@stoel.com

Attorneys for Intervenor-Defendant
Western States Petroleum Association

INTERVENOR-DEFENDANT'S PROPOSED
REMEDY SCHEDULE (2:11-cv-00417-MJP) - 6

71057149.1 0052991-00002

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2011, I filed a copy of foregoing document with the Clerk of the Court for the United States District Court – Western District of Washington by using the CM/ECF system.  Participants in this Case No. 2:11-cv-00417 who are registered CM/ECF users will be served by the CM/ECF system.

Svend A. Brandt-Erichsen, sberichsen@martenlaw.com
Janette K. Brimmer, jbrimmer@earthjustice.org
Brian W. Chestnut, bchestnut@zcvbs.com
Jennifer A. Dold, jenniferd@pscleanair.org
Joshua Osborne-Klein, joshok@zcvbs.com
Ryan P. Steen, rpsteen@stoel.com
Katharine G. Shirey, ecyolyef@atg.wa.gov
Laura J. Watson, lauraw2@atg.wa.gov

/s/ Jeffrey W. Leppo
Jeffrey W. Leppo

INTERVENOR-DEFENDANT'S PROPOSED
REMEDY SCHEDULE (2:11-cv-00417-MJP) - 7

71057149.1 0052991-00002

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*