BRIAN W. CHESTNUT (WSB #23453)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Ziontz, Chestnut, Varnell, Berley & Slonim
2101 Fourth Avenue, Suite 1230
Seattle, WA  98121
(206) 448-1230
(206) 448-0962 *[FAX]*
bchestnut@zcvbs.com
joshok@zcvbs.com

*Attorneys for Plaintiffs*

JANETTE K. BRIMMER (WSB #41271)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
jbrimmer@earthjustice.org

*Co-Counsel for Plaintiffs*

HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WASHINGTON ENVIRONMENTAL COUNCIL and SIERRA CLUB WASHINGTON STATE CHAPTER,<br><br>           Plaintiffs,<br><br>     v.<br><br>THEODORE ("TED") L. STURDEVANT, DIRECTOR, WASHINGTON STATE DEPARTMENT OF ECOLOGY, in his official capacity, MARK ASMUNDSON, DIRECTOR, NORTHWEST CLEAN AIR AGENCY, in his official capacity, and CRAIG T. KENWORTHY, DIRECTOR, PUGET SOUND CLEAN AIR AGENCY, in his official capacity,<br><br>           Defendants,<br><br>     and<br><br>WESTERN STATES PETROLEUM ASSOCIATION,<br><br>           Intervenor-Defendant. | Civ. No.  11-417-MJP<br><br>PLAINTIFFS' PROPOSALS FOR SCHEDULING REMEDY PHASE |

PLS' PROPOSALS FOR
SCHEDULING REMEDY PHASE
(Civ. No. 11-417-MJP)  - 1 -

ZIONTZ CHESTNUT VARNELL
BERLEY & SLONIM
2101 4th Avenue, Ste. 1230
Seattle, Washington 98121
www.zcvbs.com

On December 1, 2011, the Court granted Plaintiffs' Motion for Summary Judgment in part, finding that the Reasonable Available Contract Technology ("RACT") provision of Washington's State Implementation Plan ("SIP") requires the defendant agencies to develop RACT for greenhouse gas ("GHG") emissions from oil refineries. Dkt. 72. In so ruling, the Court determined that a factual dispute exits as to how much time defendant agencies require to complete the required RACT determination for GHG emissions from oil refineries and that "further evidence is necessary before the Court can fashion an appropriate remedy." Id. at 17-18.

In accordance with the Court's direction to confer on a proposed schedule for the remedies portion of the case, the parties conferred by telephone on December 8 and December 12, 2011, and also engaged in multiple informal conversations. However, the parties were unable to come to agreement regarding a unified proposal to the Court for addressing the remedy phase of this matter. Plaintiffs therefore file this separate proposal with the goal of expeditiously moving this case to final judgment.

As the Court noted in its ruling, issues of fact remain concerning the length of time necessary for the defendant agencies to comply with the Court's order and complete the RACT process for the regulation of GHG emissions from Washington refineries. Plaintiffs are concerned that briefing alone will not provide Plaintiffs with an adequate opportunity to contest factual assertions by the agencies and/or the intervenors. Accordingly, Plaintiffs propose that the Court hold a limited evidentiary injunctive relief hearing, limited to addressing the narrow question of the time for compliance and during which the parties present expert testimony on the issue and examine experts proffered by the other parties. To that end, Plaintiffs present two alternative approaches below that are narrow in scope and that address the court's need for additional evidence on the length of time to complete the RACT process.

PLS' PROPOSALS FOR
SCHEDULING REMEDY PHASE
(Civ. No. 11-417-MJP)  - 2 -

ZIONTZ CHESTNUT VARNELL
BERLEY & SLONIM
2101 4th Avenue, Ste. 1230
Seattle, Washington 98121
www.zcvbs.com

## I. SCOPE OF REMEDIAL PHASE

Plaintiffs request that the Court expressly limit the scope of the remedial phase in this case to the question of the length of time necessary for the defendant agencies to comply with the Court's order and complete the RACT process for the regulation of GHG emissions from Washington oil refineries. Plaintiffs further propose that all discovery conducted in this remedial phase be limited to this narrow remedy issue.

## II. FIRST ALTERNATIVE—HEARING WITH LIVE DIRECT TESTIMONY

As the first alternative, Plaintiffs propose a short evidentiary injunctive hearing (1/2 to 1 day) limited in scope as described in Part I above. Plaintiffs propose the following schedule:

- December 30, 2011—Parties make summary disclosures regarding anticipated witnesses and materials relevant to the narrow question outlined above (parties will endeavor to keep witnesses limited in number and scope of testimony; plaintiffs anticipate calling only one witness);
- February 14, 2012—Parties complete limited discovery;
- February 27, 2012—Parties file pre-hearing briefs of no more than 15 pages each, filed simultaneously;
- March 5, 2011 (or as soon thereafter as the court's calendar allows)—Court holds evidentiary hearing in which experts provide direct testimony and parties are permitted cross-examination.

## III. SECOND ALTERNATIVE—HEARING WITH PRE-FILED DIRECT TESTIMONY

In response to concerns raised by defendant agencies regarding a full live testimony hearing, Plaintiffs propose an alternative that employs pre-filed written direct testimony of expert witnesses. As with the first alternative, Plaintiffs request that the Court limit the scope of discovery and hearing in the manner described in Part I above. For this second alternative, Plaintiffs propose the following schedule:

- December 30, 2011—Parties make summary disclosures regarding anticipated witnesses and materials relevant to the narrow question outlined above (parties will

PLS' PROPOSALS FOR
SCHEDULING REMEDY PHASE
(Civ. No. 11-417-MJP)  - 3 -

Ziontz Chestnut Varnell
Berley & Slonim
2101 4th Avenue, Ste. 1230
Seattle, Washington 98121
www.zcvbs.com

endeavor to keep witnesses limited in number and scope of testimony; plaintiffs anticipate calling only one witness);

- February 10, 2011—Parties complete discovery (including all response to discovery);
- March 2, 2011—Parties simultaneously file and exchange written direct testimony (again, the parties will endeavor to limit the number of witnesses and conform to the narrow issue under review);
- March 12, 2011—Parties submit any pre-hearing objections;
- March 23, 2011—Parties simultaneously file and exchange pre-hearing briefs (in which parties respond, if necessary, to objections);
- April 2, 2011 (or as soon thereafter as the court's calendar allows)—Court holds 1/2 day hearing for cross examination of witnesses only, limited to the scope of the witnesses' direct testimony.

IV.   BRIEFING-ONLY PROPOSAL

Plaintiffs are concerned that allowing only briefing on remedy, without the opportunity for cross examination of witnesses, will result in a less than complete presentation to the Court. However, should the Court prefer an approach that relies on briefing and declarations only, Plaintiffs oppose the extremely extended process that was suggested by the agencies during negotiations, and instead suggest the following:

- December 30, 2011—Parties make summary disclosures regarding anticipated witnesses and evidence limited in scope as described in Part I, above (parties will endeavor to keep witnesses limited in number and scope of testimony; plaintiffs anticipate one witness);
- February 1, 2012—Parties complete discovery in accordance with the limited scope as described in Part I, above (including depositions and all responses to discovery);
- February 24, 2012—Parties submit simultaneous opening briefs and declarations;
- March 2, 2012—Parties submit any objections to declarations and evidence attached to opening briefs;
- March 16, 2012—Parties submit simultaneous response briefs (including responses to objections and with any deposition transcripts, or relevant portions thereof, submitted in lieu of cross-examination at the option of the party).

With the briefing and declarations option, Plaintiffs do not believe oral argument is necessary. Rather, Plaintiffs propose that the matter be considered fully-submitted upon the

PLS' PROPOSALS FOR
SCHEDULING REMEDY PHASE
(Civ. No. 11-417-MJP)  - 4 -

ZIONTZ CHESTNUT VARNELL
BERLEY & SLONIM
2101 4th Avenue, Ste. 1230
Seattle, Washington 98121
www.zcvbs.com

filing of the briefs on March 16.  Plaintiffs request that the Court authorize submittal of deposition testimony in lieu of cross-examination should the Court elect this briefing-only option.

Respectfully submitted this 12th day of December, 2011

　　/s Joshua Osborne-Klein
BRIAN W. CHESTNUT (WSB #23453)
JOSHUA OSBORNE-KLEIN (WSB #36736)
Ziontz, Chestnut, Varnell, Berley & Slonim
2101 Fourth Avenue, Suite 1230
Seattle, WA  98121
(206) 448-1230
(206) 448-0962 *[FAX]*
bchestnut@zcvbs.com
joshok@zcvbs.com
*Attorneys for Plaintiffs*

JANETTE K. BRIMMER (WSB #41271)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
jbrimmer@earthjustice.org
*Co-Counsel for Plaintiffs*

PLS' PROPOSALS FOR SCHEDULING REMEDY PHASE
(Civ. No. 11-417-MJP)  - 5 -

ZIONTZ CHESTNUT VARNELL BERLEY & SLONIM
2101 4th Avenue, Ste. 1230
Seattle, Washington 98121
www.zcvbs.com